UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:16-CR-0240-B-4 |
| | § | |
| LOVETH ISIDAEHOMEN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Loveth Isidaehomen's "Motion for Reduction of Sentence (Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A))" (Doc. 482). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

## I.

## BACKGROUND

On April 23, 2019, Isidaehomen was sentenced to ninety-seven months of imprisonment and two years of supervised release after a jury found her guilty of conspiracy to commit healthcare fraud. Doc. 363, J., 1–3; Doc. 253, Jury Verdict, 2. Isidaehomen is currently fifty-one years old and is confined at Federal Medical Center (FMC) Carswell with a statutory release date of September 17, 2025.[1] As of September 24, 2020, FMC Carswell has nine active cases of COVID-19, 523 recovered cases of COVID-19, and six deaths resulting from COVID-19.[2]

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/.

[2] The BOP's COVID-19 case website is available at https://www.bop.gov/coronavirus/.

-1-

On August 31, 2020, Isidaehomen filed one document as both a motion and a complaint alleging constitutional claims. *See* Doc. 482, Def.'s Mot., 1, 22.[3] In her motion, Isidaehomen asks the Court to declare that her custody violates the Eighth Amendment; grant her home confinement or compassionate release; order "appropriate measures to prevent the spread of COVID-19" at FMC Carswell; and order the warden of her facility, as well as the Director of the BOP, "to comply with the Constitution . . . ." *Id.* at 30–31. Because Isidaehomen appears to seek relief based on civil-rights violations, the Court ordered the opening of a separate civil action for these claims. *See* Doc. 483, Order, 1.

Consequently, this Order addresses only Isidaehomen's requests for home confinement and compassionate release. As explained below, because Isidaehomen is not entitled to compassionate release and the Court lacks the authority to order home confinement, the Court denies Isidaehomen's motion.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting

---

[3] For the sake of brevity, the Court refers to this document as Isidaehomen's motion.

§ 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

In sum, the Court denies Isidaehomen's request for compassionate release because she has not satisfied the exhaustion requirement of § 3582(c)(1)(A) or shown extraordinary reasons for release. Further, insofar as Isidaehomen requests home confinement, the Court lacks the authority to grant this relief.

A. *Isidaehomen's Request for Compassionate Release Fails Because She Has Not Satisfied the Exhaustion Requirement.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[4]

Isidaehomen has not complied with this requirement. Though she states that she requested home confinement to the warden of her facility, Doc. 482, Def.'s Mot., 2, she does not allege that she made a request to the warden for *compassionate release*. Nor does she attach any proof of such a request. Rather, Isidaehomen attaches only a "Petition for Home Confinement Release," which asks the warden to grant her home confinement, and she contends that the Court may waive the

---

[4] The Court has recently clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concludes that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of her compassionate-release request—irrespective of a denial. *See id.* at *5.

exhaustion requirement of § 3582(c)(1)(A). *See* Doc. 482, Def.'s Mot., Ex. A, 1, 4 ; Doc. 482, Def.'s Mot., 3.

Although Isidaehomen's request for home confinement to the warden of her facility mentions compassionate release twice in passing, *see* Doc. 482, Def.'s Mot., Ex. A, 3, the request is titled as one for home confinement, and Isidaehomen characterizes it as such. *See id.* at 1; Doc. 482, Def.'s Mot., 2 ("Petitioner filed her Petition For House Confinement Release to the institution Warden[.]"). Further, in the request, Isidaehomen repeatedly asks the warden to transfer her to home confinement. *See, e.g.*, Doc. 482, Def.'s Mot., Ex. A, 1 (invoking provision permitting the warden "to release inmates on home confinement"); *id.* at 3 ("Ms. Isidaehomen proposes that she be placed on home confinement[.]"); *id.* at 4 (urging the warden to grant home confinement). Consequently, the Court characterizes Isidaehomen's request to the warden as one for home confinement—not compassionate release.

Isidaehomen thus has not proven that she made a request to the warden for compassionate release, and her compassionate-release motion fails. *See United States v. Franco*, —F.3d—, 2020 WL 5249369, at *2–3 (5th Cir. 2020) (concluding that the exhaustion requirement is mandatory and defendants seeking compassionate release "must first file a request with the BOP").

Accordingly, the Court **DENIES** Isidaehomen's request for compassionate release **WITHOUT PREJUDICE**.

B.  *Even if the Court Construed Isidaehomen's Request for Home Confinement as a Request for Compassionate Release, Isidaehomen Has Not Shown Extraordinary and Compelling Reasons for Release.*

Irrespective of the exhaustion requirement, Isidaehomen has not shown extraordinary reasons for release. *See* § 3582(c)(1)(A)(i). The policy statement applicable here—U.S.S.G. § 1B1.13—"sets

forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. 1. However, since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019). These courts "consider[ ] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *7–8). The Court will do so here as well.

In her motion, Isidaehomen describes the COVID-19 pandemic, FMC Carswell's alleged failure to properly control the spread of the virus, and its alleged inability to provide adequate medical care to those infected. *See, e.g.*, Doc. 482, Def.'s Mot., 8, 13–22. Moreover, Isidaehomen alleges that she suffers from "hypertension, [d]iabetes, anxiety, PTSD and respiratory difficulties . . . ." *Id.* at 17. She also recounts an incident in April 2020 when she believed she had COVID-19 yet "was completely ignored." *Id.*

The Court acknowledges that the COVID-19 pandemic is unprecedented. However, its generalized effect on the nation—and FMC Carswell—does not demonstrate extraordinary and compelling circumstances specific to Isidaehomen. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements").

Further, to the extent that Isidaehomen claims she has serious medical conditions that may make her more susceptible to the deadly symptoms of COVID-19 should she contract it, she has not submitted any medical documentation to substantiate these conditions. Accordingly, her allegations of medical conditions do not warrant compassionate release.

Nor does Isidaehomen's April 2020 incident constitute an extraordinary and compelling reason for release. This was over two months before Isidaehomen filed her motion, and she has not alleged that she is currently deprived of necessary medical care.

Thus, Isidaehomen fails to show "extraordinary and compelling reasons" for compassionate release. *See* § 3582(c)(1)(A). This failure provides another basis for the Court's denial of her compassionate-release request.

C.  *The Court Lacks the Authority to Order Home Confinement.*

Isidaehomen also requests that the Court transfer her to home confinement. Doc. 482, Def.'s Mot., 30. As Isidaehomen appears to acknowledge, *see id.* at 31, it is within the BOP's sole discretion to place prisoners in home confinement toward the end of their sentences under 18 U.S.C. § 3624(c)(2). *See United States v. Snead*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing 18 U.S.C. § 3624(c)) (noting that requests for home confinement "are properly directed to the [BOP]") . Thus, the Court lacks the authority to move Isidaehomen to home confinement and **DENIES** her request for the Court to do so.

### IV.

### CONCLUSION

For the foregoing reasons, to the extent Isidaehomen's motion requests compassionate release, the motion (Doc. 482) is **DENIED WITHOUT PREJUDICE**. And insofar as

Isidaehomen's motion requests home confinement, the motion (Doc. 482) is **DENIED**, because the Court lacks authority to transfer Isidaehomen to home confinement.

By denying Isidaehomen's compassionate-release request without prejudice, the Court permits Isidaehomen to file a subsequent motion for compassionate release if she satisfies the exhaustion requirement and her circumstances later rise to the level of extraordinary and compelling. However, the Court advises Isidaehomen that before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. Because Isidaehomen has not satisfied the exhaustion requirement or shown extraordinary and compelling reasons for release, the Court need not conduct that analysis today.

**SO ORDERED.**

**SIGNED: September 30, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE