UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:16-CR-0240-B-4 |
| | § | |
| LOVETH ISIDAEHOMEN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Loveth Isidaehomen's Motion for Reconsideration of Motion for Compassionate Release (Doc. 486). The Court previously denied Isidaehomen a sentence reduction by an order dated September 29, 2020 ("Order"). *See* Doc. 484, Mem. Op. & Order, 6–7. Isidaehomen now moves the Court to reconsider the Order on the grounds that "[she] has exhausted the available administrative remedy." Doc. 486, Def.'s Mot., 1. For the reasons that follow, the motion for reconsideration is **DENIED**.

### I.

### BACKGROUND

On April 23, 2019, the Court sentenced Isidaehomen to ninety-seven months of imprisonment and two years of supervised release after a jury found her guilty of conspiracy to commit healthcare fraud. Doc. 363, J., 1–3; Doc. 253, Jury Verdict, 2. Isidaehomen is currently fifty-one years old and serving her sentence at Federal Medical Center (FMC) Carswell, with a statutory

release date of September 17, 2025.[1] On August 31, 2020, Isidaehomen filed one document as both a motion and a complaint alleging constitutional claims. *See* Doc. 482, Def.'s Mot., 1, 22.[2] The Court ordered the opening of a separate civil action for adjudication of Isidaehomen's constitutional claims and denied her motion without prejudice insofar as Isidaehomen requested home confinement and compassionate release. Doc. 484, Mem. Op. & Order, 2. In the Order denying Isidaehomen's motion, the Court found that she failed to satisfy the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A), she failed to demonstrate extraordinary and compelling reasons for release, and the Court lacked the authority to order home confinement. *Id.* at 3–6. By denying Isidaehomen's request for compassionate release without prejudice, the Court "permit[ted] Isidaehomen to file a subsequent motion for compassionate release if she satisfies the exhaustion requirement and her circumstances rise to the level of extraordinary and compelling." *Id.* at 7.

On December 15, 2020, Isidaehomen filed a motion for reconsideration, challenging the Court's denial of compassionate release. *See generally* Doc. 486, Def.'s Mot. The Government filed a response (Doc. 491) in opposition to Isidaehomen's motion on January 12, 2021. The motion is ripe for review.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/ (last accessed January 19, 2021).

[2] For the sake of bevity, the Court refers to this document as Isidaehomen's motion.

-2-

2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

*A.     Isidaehomen Has Exhausted Her Administrative Remedies.*

In the Order challenged by Isidaehomen, the Court first denied Isidaehomen's request for compassionate release because she failed to fully exhaust her administrative remedies before bringing a motion for compassionate release. Doc. 484, Mem. Op. & Order, 3–4 (quoting § 3582(c)(1)(A)). Although Isidaehomen submitted a letter titled "Petition for Home Confinement Release" to the warden, the Court found that this letter did not satisfy the exhaustion requirement because it was best characterized as a request for home confinement rather than a request for compassionate release. *Id.* at 4 (citing Doc. 482, Def.'s Mot., Ex. A, 1–4). Accordingly, the Court concluded that Isidaehomen failed to show "that she made a request to the warden for compassionate release," and, therefore, had not exhausted her administrative remedies. *Id.*

In her motion for reconsideration, Isidaehomen attaches no new evidence of exhaustion. *See generally* Doc. 486, Def.'s Mot. Instead, she attaches the same "Petition for Home Confinement Release" letter, but now describes it as a "Request for Compassionate Release/Reduction in Sentence . . . ." *Id.* at 4 (citing *id.*, Ex. 1); *compare id.*, Ex. 1, *with* Doc. 482, Def.'s Mot., Ex. A.

Isidaehomen's new description of the same letter does not alter the Court's characterization of the letter as a request for home confinement rather than compassionate release.

However, in its response in opposition to Isidaehomen's motion, the Government attaches a letter from Isidaehomen to the warden at FMC Carswell dated June 23, 2020. Doc. 491, Gov't's Resp., Ex. A. The letter requests compassionate release and shows that it was received by the warden on July 9, 2020. *Id.* As the Government concedes, this letter shows that thirty days have passed since the warden received the request for compassionate release. Doc. 491, Gov't's Resp., 4. Accordingly, the Court finds that Isidaehomen has exhausted her administrative remedies. *See* § 3582(c)(1)(A).

B.  *Isidaehomen Fails to Show Extraordinary and Compelling Reasons for Compassionate Release.*

The Court also denied Isidaehomen's motion for compassionate release because Isidaehomen failed to demonstrate extraordinary and compelling reasons warranting her release. Doc. 484, Mem. Op. & Order, 4–6. After reviewing the motion, the Court found that Isidaehomen's generalized concerns regarding the COVID-19 pandemic did not give rise to extraordinary and compelling reasons for her release. *Id.* at 5. The Court then determined that the medical conditions from which Isidaehomen claimed to suffer did not warrant compassionate release because she failed to provide substantiating documentation. *Id.* at 6.

In her motion for reconsideration, Isidaehomen again argues that extraordinary and compelling reasons warrant compassionate release because the COVID-19 virus poses a threat to the health of incarcerated people with high-risk medical conditions like Isidaehomen. Doc. 486, Def.'s Mot., 6. She attaches to her motion medical records demonstrating the conditions from which she claims to suffer. *Id.*, Ex. 2. Despite Isidaehomen's new documentation, however, the Court finds that she does not show extraordinary and compelling reasons warranting her release.

As the Court noted in its Order, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements[.]" Doc. 484, Mem. Op. & Order, 5 (quoting *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020)). As the Court explained in its Order, the COVID-19 pandemic's "generalized effect on the nation—and FMC Carswell—does not demonstrate extraordinary and compelling circumstances specific to Isidaehomen." *Id.* Although Isidaehomen offers new details in her motion to reconsider regarding the effect of COVID-19 on the nation and BOP facilities, Doc. 486, Def.'s Mot., 6–7, the Court again notes that these effects are not extraordinary and compelling circumstances *specific to Isidaehomen*.

Moreover, while Isidaehomen's medical records support her claim that she suffers from "[t]ype II [d]iabetes [m]ellitus[,] . . . [h]ypertension[,] . . . shortness of breath, thyroid disorder, anemia, unspecified hemorrhoids, pain in unspecified joint, acute sinusitis, allergic rhinitis, hypermetropia, unspecified glaucoma, unspecified polyneuropathy, and anxiety," *Id.* at 5 (citation omitted), she again provides only generalized descriptions of the risks that certain conditions present in light of the COVID-19 pandemic. *See id.* at 8–12. She argues that because she "suffers from ailments that have already been identified as 'high risk,'" the Court should grant her compassionate release. *Id.* at 12.

However, granting compassionate release based simply on a defendant's diagnoses is the sort of "blanket pronouncement" that the Court seeks to avoid. *See Delgado*, 2020 WL 2542624, at *3. Instead, as it stated in its Order, the Court should inquire into the "extraordinary and compelling circumstances *specific to Isidaehomen.*" Doc. 484, Mem. Op. & Order, 5 (emphasis added). This includes inquiring into not only Isidaehomen's diagnoses, but also the severity of her medical conditions and her ability to manage her health while incarcerated. Isidaehomen provides little

information regarding her specific circumstances beyond her diagnoses, and the Court does not independently find that Isidaehomen's conditions are unmanageable.

Lastly, the Government provides evidence that Isidaehomen has recently "received both doses of the [COVID-19] vaccine[.]" Doc. 491, Gov't's Resp., 5. The Court agrees with the Government that Isidaehomen's vaccination significantly reduces her risk of contracting COVID-19 or experiencing complications related to a COVID-19 infection. *See id.* ("[B]ased on evidence from clinical trials, the Pfizer-BioNTech vaccine was 95% effective after two doses at preventing laboratory-confirmed COVID-19 illness in people without evidence of previous infection." (citation omitted and alterations incorporated)). Aside from COVID-19-related concerns, Isidaehomen does not assert that other extraordinary and compelling reasons warrant her release. *See generally* Doc. 486, Def.'s Mot. Accordingly, the Court finds that Isidaehomen has not demonstrated extraordinary and compelling reasons and that compassionate release is thus improper.

Therefore, the Court concludes that its original determination was correct and that it properly denied Isidaehomen's motion for compassionate release.

## IV.

## CONCLUSION

For the aforementioned reasons, Defendant Loveth Isidaehomen's Motion for Reconsideration of Motion for Compassionate Release (Doc. 486) is **DENIED**.

SO ORDERED.

SIGNED: January 25, 2021.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE